# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMMY FERNAND SANCHEZ, JR., ET AL | CIVIL ACTION |
| VERSUS | NO: 08-1227 |
| TANGIPAHOA PARISH SHERIFF'S DEPUTIES, et al | SECTION: "S" (3) |

## ORDER AND REASONS

The Motion for Summary Judgment to Dismiss the Wrongful Death and Survival Claims of all Plaintiffs (Doc. #21) by defendants Tangipahoa Sheriff's Office and Sheriff Daniel Edwards is **DENIED AS MOOT**.

### BACKGROUND

Plaintiffs allege that they are the children of the decedent Thomas Sanchez, Sr.; and claim that Sanchez, Sr. was shot and killed by defendants during the course and scope of their duties as deputies and law enforcement officials. Plaintiffs have filed suit, alleging violations of 42 USC

§§1983, 1985 and 1988; and the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution. Plaintiffs have also alleged various state law claims, including a wrongful death claim and survival claims.

Defendants move for summary judgment, dismissing the wrongful death and survival action claims of all plaintiffs because they have not provided proof of their relationship with Sanchez. Sr., in response to defendants' discovery.

Subsequent to the filing of this motion, plaintiffs have provided counsel with Tonya Sanchez's birth certificate; and a copy of the 2003 custody order from the 21st Judicial District Court for the Parish of Tangipahoa, transferring custody of Thomas Sanchez, Jr. (then a minor), Tonya Sanchez and Tyler Sanchez from Thomas Sanchez, Sr., to Hazel Sanchez. Plaintiffs have also forwarded copies of birth certificates for Thomas Sanchez, Jr., and Tyler Sanchez. All birth certificates show Sanchez, Sr. as the father.

**ANALYSIS**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[1] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[2]

The basis of defendants' motion is plaintiffs' failure to provide proof of their relationship to

---

[1] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[2] *Celeotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

the decedent.  Plaintiffs have provided counsel with documents responsive to defendants' discovery in this regard.  Defendants' motion is **DENIED AS MOOT**.

New Orleans, Louisiana, this __2nd__ day of June, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**