UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMMY FERNAND SANCHEZ, JR. ET AL. | CIVIL ACTION |
| VERSUS | NO: 08-1227 |
| TANGIPAHOA PARISH SHERIFF'S OFFICE, ET AL. | SECTION: "S" (3) |

## OPINION

Defendants, Sheriff Daniel Edwards and the City of Hammond, have filed objections to the magistrate judge's order granting plaintiffs' motion for leave to file an amended complaint (Docs. #57, 58). For the reasons that follow, the ruling of the magistrate judge granting plaintiffs' motion for leave to file an amended complaint is **AFFIRMED**.

## BACKGROUND

Plaintiffs allege that they are the children of the decedent Thomas Sanchez, Sr.; and claim that Sanchez, Sr. was shot and killed by defendants during the course and scope of their duties as deputies and law enforcement officials on March 7, 2007. On March 3, 2008, plaintiffs filed suit against the City of Hammond, the Tangipahoa Parish Sheriff's Department, and Tangipahoa Sheriff Daniel Edwards. Plaintiffs also named unknown sheriff's deputies of the Tangipahoa Sheriff's Office and unknown police officers of the City of Hammond Police Department. Plaintiffs allege

violations of 42 U.S.C. §§1983, 1985, and 1988; and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Plaintiffs have also alleged various state law claims, including a wrongful death claim and survival claims. Further, plaintiffs allege that the "defendants are liable individually, jointly and *in solido* for their actions alleged" in the complaint.

On January 20, 2010, plaintiffs moved for leave to file their first amended complaint in which they sought to add the officers allegedly responsible for the shooting, Tangipahoa Sheriff's Deputy Schwebel and City of Hammond Policy Officer Banquer, as defendants. Defendants argued that the proposed amendment was impermissible because plaintiffs' claims against Schwebel and Banquer had prescribed, and did not relate back to the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. The magistrate judge granted the plaintiffs leave to file their first amended complaint reasoning that federal courts apply the state statute of limitations and tolling provisions to claims brought under 42 U.S.C. § 1983, and that because the plaintiffs' alleged that the defendants are liable jointly and *in solido*, their timely filing of the complaint interrupted prescription against all joint tortfeasors. However, the magistrate judge noted that if it is determined that the defendants are not solidary obligors or joint tortfeasors, prescription will not be interrupted as to defendants not timely sued, and if it is determined that the timely sued defendants have no liability, prescription of plaintiffs' claims against Schwebel and Banquer will not be interrupted.

Defendants filed objections to the magistrate judge's order arguing that the magistrate judge erred in applying Louisiana law. Specifically, they contend that the magistrate judge should have applied federal procedural rules without reference to Louisiana law, and that federal law prohibits

2

plaintiffs' claims against Schwebel and Banquer from relating back to their original complaint because they were not misnamed, but rather unidentified within the applicable prescriptive period. Plaintiffs contend that the magistrate judge appropriately applied the Louisiana prescriptive period, and that prescription was interrupted as to Schwebel and Banquer, thus relation back is irrelevant.

## ANALYSIS

Rule 15(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;
> >
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identify.

In Jacobsen v. Osborn, 133 F.3d 315 (5th Cir. 1998), the plaintiff filed suit against a police officer whom he mistakenly thought arrested him. The plaintiff later discovered that he named the

3

wrong officer and sought to amend his complaint. The United States Court of Appeals for the Fifth Circuit held that "the proposed amendment is exactly the situation at which Rule 15(c)(3) is aimed: the misidentification of a defendant," and permitted the amendment to relate back to the plaintiff's original filing. Id. at 320. The court also held that an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c). Id.

In Whitt v. Stephens County, 529 F.3d 278 (5th Cir. 2008), the plaintiff sought to amend his complaint to name five "John Doe" defendants. The United States Court of Appeals for the Fifth Circuit applied Jacobsen, and held that the plaintiff's amendment would not relate back under Rule 15(c) because the statute of limitations barred actions against the proposed named defendants.

The case at bar is distinguishable from Jacobsen and Whitt. As noted by the magistrate judge, federal courts apply the state statutes of limitation and tolling provisions to § 1983 claims. See Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (5th Cir. 1993). Under Louisiana law, plaintiffs' claims are subject to a liberative prescription period of one year. See Jacobsen, 133 F.3d at 319 (citing Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)). Pursuant to Louisiana Civil Code article 2324(c), "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." Plaintiffs allege in their original complaint and first amended complaint that the "defendants are liable individually, jointly and *in solido* for their actions alleged herein." Thus, plaintiffs' timely filing their complaint against Sheriff Daniel Edwards and the City of Hammond interrupted prescription of plaintiffs' claims against Schwebel and Banquer. Therefore, plaintiffs do not need to rely upon relation back under Rule 15(c) for their claims against Schwebel and

4

Banquer to be timely.[1]  Further, the magistrate judge correctly noted that "should it be determined that the defendants are not solidary obligors or joint tortfeasors, prescription will not be interrupted as to the other joint tortfeasors/solidary obligors not timely sued since no joint or solidary obligation exists," and that "if it is later determined that the defendants timely sued have no liability, prescription of the plaintiffs' claims against Deputy Schwebel and Officer Banquer will not be interrupted." Doc. #52 (citing Pastor v. Foti, 2002 WL 550982, *1-2 (E.D. La. 4/1/02)).  Therefore, the magistrate judge did not err in granting plaintiffs leave to file their amended complaint.

## CONCLUSION

**IT IS HEREBY ORDERED** that defendants' objections to the magistrate judge's order granting plaintiffs' motion for leave are overruled, and the ruling of the magistrate judge is **AFFIRMED**.

New Orleans, Louisiana, this 22nd day of April, 2010.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[1] In Welch v. Louisiana Power & Light Co., 466 F.2d 1344 (5th Cir. 1972), upon which the defendants rely for the proposition that federal procedural law, not state procedural law, is applied to relation back, the United States Court of Appeals for the Fifth Circuit noted that prescription as to the defendant the plaintiff sought to add to the suit under Rule 15(c) would have been interrupted had it been liable *in solido* with one of the named defendants.