UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMMY FERNAND SANCHEZ, JR. ET AL. | CIVIL ACTION |
| VERSUS | NO: 08-1227 |
| TANGIPAHOA PARISH SHERIFF'S OFFICE, ET AL. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Authority to Appeal to the Fifth Circuit the Ruling Allowing Deputy Jacob Schwebel to be Named as a Defendant, filed by defendant, W. Jacob Schwebel (Doc. #67), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Authority to Appeal to the Fifth Circuit the Ruling Allowing Officer Garrett Banquer to be Named as a Defendant, filed by defendant, Garrett Banquer (Doc. #68), is **DENIED**.

## BACKGROUND

This matter comes before the court on a motions for authority to appeal to the United States Court of Appeals for the Fifth Circuit the ruling of the court that permitted defendants W. Jacob Schwebel ("Schwebel") and Garrett Banquer ("Banquer") to be added as defendants (Doc. #66).

Schwebel and Banquer contend that they should be permitted to file an interlocutory appeal of the court's ruling because there is a controlling question of law as to which there is a substantial ground for difference of opinion.

On March 3, 2008, plaintiffs filed suit against the City of Hammond, the Tangipahoa Parish Sheriff's Department, and Tangipahoa Sheriff Daniel Edwards alleging that their father was shot and killed by defendants during the course and scope of their duties as law enforcement officials. Plaintiffs also named unknown sheriff's deputies of the Tangipahoa Sheriff's Office and unknown police officers of the City of Hammond Police Department. Plaintiffs allege that the "defendants are liable individually, jointly and *in solido* for their actions," that violated 42 U.S.C. § 1983, and other laws.

On January 20, 2010, plaintiffs moved for leave to file their first amended complaint in which they sought to add the officers that were allegedly responsible for the shooting, Tangipahoa Sheriff's Deputy Schwebel and City of Hammond Policy Officer Banquer, as defendants. Defendants opposed the motion, arguing that the proposed amendment was impermissible because plaintiffs' claims against Schwebel and Banquer had prescribed, and did not relate back to the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. The magistrate judge granted the plaintiffs motion for leave to file their first amended complaint, reasoning that federal courts apply the state statute of limitations and tolling provisions to claims brought under 42 U.S.C. § 1983, and that because the plaintiffs' alleged that the defendants are liable jointly and *in solido*, their timely filing of the complaint interrupted prescription against all joint tortfeasors

Defendants filed objections to the magistrate judge's order arguing that the magistrate judge erred in applying Louisiana law, rather than the Federal Rules of Civil Procedure. The district court affirmed the magistrate judge's ruling. The court explained that federal courts apply state statutes of limitations and tolling provision to claims brought under § 1983, and that because plaintiffs alleged that the defendants were liable *in solido*, their timely complaint against the other defendants interrupted prescription against Schwebel and Banquer. Therefore, plaintiffs did not need to rely upon relation back under Rule 15(c) for their claims against Schwebel and Banquer to be timely.

## ANALYSIS

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided however, that application for an appeal hereunder shall not stay proceedings in the district court unless this district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Pursuant to § 1292(b), the district court may "certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

Schwebel and Banquer argue that this matter should be certified for interlocutory appeal because there is substantial grounds for difference of opinion of whether state procedural law can be used instead of Rule 15(c) for relation back. They contend that the potential for differences of opinion is highlighted by the Supreme Court of the United States' recent granting of *certiorari* in Krupski v. Costa Cruise Lines, 330 Fed. Appx. 892 (11 th Cir. 2009), cert. granted, 130 S.Ct. 1133 (2010).

The issue before the United States Court of Appeals for the Eleventh Circuit in Krupski, was whether a misnamed party could be brought into the litigation after the statute of limitations had run. The court affirmed the district court's ruling that the amendment did not relate back under Rule 15(c), and did not permit plaintiff to pursue her claims against this misnamed party.

Krupski is distinguishable from this case. In this case, the court did not find that plaintiffs' amended complaint adding Schwebel and Banquer related back to the filing of the original complaint under Rule 15(c), but rather that prescription of plaintiffs' claims against Schwebel and Banquer had not run because it was interrupted by plaintiffs' filing a timely action against joint tortfeasors. Therefore, Krupski does not demonstrate that there is a substantial grounds for difference of opinion, and Schwebel and Banquer have not satisfied the elements required for the district court to certify an interlocutory appeal under § 1292(b).

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Authority to Appeal to the Fifth Circuit the Ruling Allowing Deputy Jacob Schwebel to be Named as a Defendant, filed by defendant, W. Jacob Schwebel (Doc. #67), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Authority to Appeal to the Fifth Circuit the Ruling Allowing Officer Garrett Banquer to be Named as a Defendant, filed by defendant, Garrett Banquer (Doc. #68), is **DENIED**.

New Orleans, Louisiana, this __4th__ day of June, 2010.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**