UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TOMMY FERNAND SANCHEZ, JR. ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-1227 |
| TANGIPAHOA PARISH SHERIFF'S OFFICE, ET AL. | SECTION: "S" (3) |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment of Tangipahoa Parish Sheriff Daniel Edwards, Jacob Schwebel, the City of Hammond, and Garrett Banquer (Docs. #95, 99, 102) are **GRANTED**, and plaintiffs' claims against them are **DISMISSED**.

**BACKGROUND**

On March 7, 2007, officers from the Tangipahoa Parish Sheriff's Office and the Hammond Police Department were conducting surveillance at a location in Pontchatoula, Louisiana for suspected drug activity. When the police officers sensed that the surveillance had been discovered, some officers entered the premises and other officers searched the septic tank for drugs. Thomas Sanchez, Sr. approached the location in a 1992 Toyota Camry, pulled away from this property, and into an adjacent driveway. Hammond Police Officer Garrett Banquer and Tangipahoa Parish Sheriff's Deputy Jacob Schwebel, who were wearing gear that identified them as law enforcement

personnel, approached Sanchez, identified themselves as law enforcement officers, and instructed Sanchez to stop. While Banquer was positioned in front of the vehicle, Sanchez accelerated his vehicle. Banquer and Schwebel fired shots which resulted in Sanchez's death.

On March 3, 2008, plaintiffs, Sanchez's children, filed suit against the City of Hammond and Tangipahoa Sheriff Daniel Edwards in his official capacity. Plaintiffs also named unknown deputies of the Tangipahoa Sheriff's Office and unknown police officers of the City of Hammond Police Department. Plaintiffs amended their complaint to name Schwebel and Banquer in the individual and official capacities. Plaintiffs allege violations of 42 U.S.C. §§1983, 1985 and 1988; and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs have also alleged various Louisiana state law claims, including a wrongful death claim and survival claims.

Defendants have filed motions for summary judgment arguing that there is no genuine issue of material fact that Schwebel and Banquer did not violated Sanchez's constitutional right to be free from the use of excessive force because their actions were objectively reasonable.

## ANALYSIS

**A.      Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The

2

non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Plaintiffs' § 1983 Claims Against Schwebel and Banquer for Violations of the Fourth Amendment**

Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States. 42 U.S.C. §1983; Monell v. Dep't of Soc. Servs., 98 S.Ct. 2018 (1978). Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

To pursue a claim under section 1983, plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and; (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Southwestern Bell Telephone, LP v. City of Houston, 529 F.3d 257, 260 (5th Cir. 2008); see also West v. Atkins, 108 S.Ct. 2250, 2255-54 (1988).

Plaintiffs contend that Sanchez's constitutional right to be free from the use of excessive force guaranteed by the Fourth Amendment was violated when Schwebel and Banquer shot him. Defendants argue that Schwebel and Banquer did not violate Sanchez's constitutional rights because

3

their actions were objectively reasonable under the circumstances. Specifically, defendants argue that Schwebel and Banquer had a reasonable basis to believe that Banquer's life was in danger when Sanchez accelerated his car toward Banquer.

The Fourth Amendment protects the right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. Milligan v. City of Slidell, 226 F.3d 652, 654 (5th Cir. 2000). To succeed in a § 1983 claim for excessive force under the Fourth Amendment, a plaintiff must show that he was seized. See Graham v. Connor, 109 S.Ct. 1865, 1867-68 (1989). He must also show that: (1) he suffered an injury; (2) such injury resulted directly and only from the use of force that was excessive to the need, and; (3) such force was objectively unreasonable. Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000).

Plaintiffs contend, and defendants do not dispute, that Sanchez was seized when the bullets struck him. It is also undisputed that Sanchez was injured by the use of force. However, the defendants argue that Schewebel's and Banquer's use of force was objectively reasonable because a moving vehicle is considered a deadly weapon, and Schwebel and Banquer reasonable believed that Banquer was in danger when Sanchez ignored their verbal commands to stop and accelerated toward Banquer.

In Estate of Shaw, 366 Fed. Appx. 522, 523 (5th Cir. 2010), the United States Court of Appeals for the Fifth Circuit stated that "[i]f the defendants' use of force was reasonable under the circumstances, no Fourth Amendment violation is established and plaintiffs' claims fail." Further, use of deadly force is reasonable when an officer has probable cause to believe that someone poses an imminent threat of serious physical harm to the officer or others. Id. (citing Tennessee v. Garner, 105 S.Ct. 1694, 1701 (1985)). "Reasonableness in these circumstances 'must embody allowance

4

for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.'" Hathaway v. Bazany, 507 F.3d 312, 320-21 (5th Cir. 2007) (quoting Graham, 109 S.Ct. at 1872).

The court finds that Schwebel and Banquer acted reasonably under the circumstances. At the time of the incident, they could reasonably have believed that Banquer's life was in danger. Schwebel and Banquer, the only eyewitnesses to the incident, testified that they did not fire shots until after Sanchez accelerated the vehicle in Banquer's direction. Also, the witnesses who heard the event testified that they heard the acceleration before the gunshots. Moreover, plaintiff's ballistics and reconstruction expert, Richard Ernest, testified that it is possible that Banquer was in front of the vehicle when Sanchez began to accelerate. Thus, the evidence shows that Schwebel and Banquer had a reasonable perception of a serious threat to Banquer's life. "Given the extremely brief period of time an officer has to react to a perceived threat like this one, it is reasonable to do so with deadly force." Id. at 322 (citing Graham, 109 S.Ct. at 1872). Further, the officers' "actions were predicated on responding to a serious threat quickly and decisively" and "we must never allow the theoretical, sanitized world of our imagination to replace the dangerous and complex world that policemen face every day. What constitutes reasonable action may seem quite different to someone facing a possible assailant than to someone analyzing the question at leisure." Id. (internal citations and quotations omitted). Because Schwebel's and Banquer's actions were objectively reasonable, they did not violate Sanchez's Fourth Amendment Rights. Schwebel and Banquer are entitled to

summary judgment on plaintiffs' § 1983 claims alleging violations of the Fourth Amendment, and those claims are DISMISSED.

C.  **Plaintiffs' § 1983 Claims Against Schwebel and Banquer for Violations of the Fifth and Fourteenth Amendments**

Plaintiffs' allege that the defendants violated Sanchez's rights to due process guaranteed by the Fifth and Fourteenth Amendments to the Untied States Constitution. The Fifth Amendment's guarantee of "due process" applies only to actions of the federal government, not to actions of individuals or of municipal governments. Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). Also, a plaintiff does not have a "due process" claim under the Fourteenth Amendment if his claim is susceptible to analysis under a specific constitutional source. See Petta v. Rivera, 143 F.3d 895, 901 (5th Cir. 1998). Because plaintiffs do not allege any claims against the federal government, and their excessive force claim is encompassed by the Fourth Amendment, they have not stated § 1983 claims for violations of Sanchez's rights to "due process" guaranteed by the Fifth or Fourteenth Amendments, and these claims are DISMISSED.

D.  **Plaintiffs' § 1983 Claims Against Sheriff Daniels and the City of Hammond for Violations of the Fourth, Fifth, and Fourteenth Amendments**

Plaintiffs' § 1983 claims against Sheriff Daniels and the City of Hammond are governed by the Monell doctrine. See Woodard v. Andrus, 419 F.3d 348, 352 (5th Cir. 2005) (citing Monell v. Dep't of Soc. Serv., 98 S.Ct. 2018, 2035 n.55 (1978)). A local governmental body is liable for damages under § 1983 for constitutional violations resulting from official city policy. See Monell, 98 S.Ct. at 2035-36. A municipality or government body cannot be held vicariously liable under §1983 for the constitutional torts of its employees or agents. Id. at 2037.

6

To establish liability for a constitutional violation against the governmental bodies, the plaintiffs must prove three elements: (1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell, 98 S.Ct. at 2037. Section 1983 does not permit municipal liability predicated on *respondeat superior*. Bd. of Comm'rs of Bryan County v. Brown, 117 S.Ct. 1382, 1388 (1997), "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiffs have not shown that there was a violation of Sanchez's constitutional rights. Schwebel and Banquer did not violate Sanchez's Fourth Amendment right to be free from the use of excessive force because their actions were reasonable under the circumstances. Further, plaintiffs have not stated claims for violations of Sanchez's "due process" rights under the Fifth or Fourteenth Amendments. Therefore, Sheriff Daniels and the City of Hammond are entitled to summary judgment on plaintiffs' § 1983 claims, and those claims are DISMISSED.

**E.     Plaintiffs' § 1985 and § 1988 Claims Against All Defendants**

Plaintiffs allege that the defendants are liable for conspiracy to interfere with Sanchez's civil rights under 42 U.S.C. § 1985 and for attorneys' fees under 42 U.S.C. § 1988. Because plaintiffs' claims for violations of Sanchez's constitutional rights have been dismissed, these claims are also DISMISSED.

**F.    Plaintiffs' State Law Claims**

Plaintiffs asserts claims under Louisiana law. Because plaintiffs' federal claims are hereby dismissed, it is appropriate for the court to decline to exercise supplemental jurisdiction over their state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.") Accordingly, plaintiffs' state law claims are DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment of Tangipahoa Parish Sheriff Daniel Edwards, Jacob Schwebel, the City of Hammond, and Garrett Banquer (Docs. #95, 99, 102) are **GRANTED**, and plaintiffs' claims against them are **DISMISSED**.

New Orleans, Louisiana, this  14th  day of September, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**